GUÁNICA CENTRALE, DEMANDANTE Y APELADA, *v.* COLBERG ET AL.,
DEMANDADOS Y APELANTES.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre cumplimiento de contrato e *injunction.*

No. 1925.—Resuelto en julio 15, 1919.

CONTRATOS AGRÍCOLAS—OPCIÓN PARA PRORROGAR—PRÓRROGA DE CONTRATO—GRAVAMEN INSCRITO EN EL REGISTRO DE CONTRATOS AGRÍCOLAS.—En. este caso la Guánica Centrale y Vicente Trelles celebrarón en el año 1910 un contrato de venta de cañas, etc., para vencer en julio 1, 1915, estipulándose que el contrato, el cual quedó inscrito en el Registro de Contratos Agrícolas, podría ser prorrogado por cinco años más a opción de la central, bastando para ello que ésta notificara al colono antes del vencimiento su intención de prorrogar. Trelles vendió las fincas al apelante en junio 2, 1914, sin que la corporación fuera avisada de la compraventa. El apelante admite que Trelles fué notificado por la central antes del vencimiento, de su intención de prorrogar. *Se resolvió:* que siendo un contrato personal entre la Guánica y Trelles la notificación recibida por éste dentro del término renovó el contrato.

INCONGRUENCIA ENTRE LAS ALEGACIONES Y LA PRUEBA—PERJUICIO.—La intención del artículo 136 del Código de Enjuiciamiento Civil es que a no ser que exista una diferencia muy esencial entre las alegaciones y la prueba, la esencialidad o el perjuicio de una incongruencia debe mostrarse, y una notificación de diferente fecha que la que se consigna en la demanda, no perjudica si fué hecha antes del vencimiento del contrato.

CONSIDERACIÓN DEL CONTRATO.—Una sola consideración de un contrato obliga a la parte opuesta a hacer más de una cosa, si así se desprende del contrato.

APELACIÓN—ALEGATO—SEÑALAMIENTO DE ERRORES.—Cuando no se ha hecho señalamiento específico de errores sobre determinada cuestión, cualquier duda que exista en cuanto a dicha cuestión deberá ser resuelta en contra del apelante.

Los hechos están expresados en la opinión.

Abogado de la apelada: *Sr. F. Manuel Toro.*

Abogado de los apelantes: *Sr. José Sabater.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La acción establecida en este caso fué para que se prohibiera a los demandados vender cañas a otras centrales y con otros fines. Se ha admitido que la notificación de la reno-

vación del contrato de compraventa de cañas llegó a poder del colono Trelles con quien se había celebrado el contrato antes de su vencimiento, habiendo sido enviada dicha notificación, allá para el día primero de enero de 1915, venciendo el primitivo contrato en julio 1, 1915.   Se alegaba en la demanda que la notificación se hizo en enero 1915, pero llama la atención el hecho de haber presentado como prueba la demandante en el juicio una notificación que lleva fecha de junio, 1914, sin que el demandado-apelante hubiera formulado objeción alguna.   Si en realidad esta notificación fué enviada en junio de 1914, entonces podría decirse que el apelante que compró al colono Trelles poco después de dicha fecha y que tenía conocimiento del contrato, adquirió la finca con sujeción al contrato que quedó debidamente inscrito en el registro de contratos agrícolas.   No se hace alegación alguna, suponiendo que el contrato sea obligatorio para el primitivo colono, de que la inscripción no era eficaz para obligar a terceras personas que compraran mientras estaba en vigor el primitivo contrato agrícola.   Hubo incongruencia en el juicio, y la cuestión que surge es si fué esencial.

No se ha hecho señalamiento de errores claramente por este fundamento, por lo que cualquier duda que exista debe resolverse en contra del apelante.   ¿Fué inducido a error en su perjuicio el apelante?   El presentó una moción de nuevo juicio por tal fundamento y se interpone apelación de la resolución de la corte inferior negando la referida moción, como también de la sentencia.   La corte inferior declaró probado que el apelante sabía que existía el contrato.   En el juicio las partes deben estar sobre aviso para hacer sus objeciones, y la admisión de esta primera notificación fué consentida por el apelante.   Como el apelante tenía conocimiento de que existía este convenio de prórroga del contrato si la demandante podía probar que se había hecho una notificación anterior pudo haber enmendado su demanda para ajustarla a la prueba.   Puede decirse que la causa próxima del

perjuicio alegado fué el hecho de haber dejado el apelante, como se ha alegado, de tener en cuenta que la carta donde se hacía la notificación tenía fecha de junio 1914 en vez de enero 1915. En los *affidavits* acompañados a la moción de nuevo juicio se negó el recibo de dicha notificación. El apelante simplemente sugiere remotamente, pero no demuestra que hubo mala fe por parte de la apelada. Si hubiera estado obligado el apelante por razón de una notificación en forma en junio 1914 y dicha notificación se hubiera presentado como prueba, tal incongruencia no hubiera sido esencial de acuerdo con lo dispuesto en el artículo 136 del Código de Enjuiciamiento Civil, el cual es como sigue:

"Ninguna incongruencia entre las alegaciones y las pruebas en un juicio se tendrá por esencial, a menos que por su índole y efectos dé lugar a que la otra parte incurra en su perjuicio, en falsas apreciaciones al mantener su demanda o su contestación. Siempre que una de las partes resultare así equivocada, la corte podrá disponer que se enmiende la alegación en los términos que estimare justos."

La verdadera intención de ese artículo es que a no ser que exista una diferencia muy esencial entre las alegaciones y la prueba deberá probarse en el juicio la esencialidad de una incongruencia. El apelante compraba sujeto a las contingencias de una notificación anterior de la renovación del contrato. Una notificación hecha a él personalmente antes del vencimiento del contrato, suponiendo que los compradores estén obligados por la inscripción, hubiera sido válida para prorrogar los términos del contrato.

Además, se admite que la notificación se hizo en enero de 1915. De la prueba no aparece que la apelada fué notificada de la venta hecha por Trelles el primitivo colono a Colberg, el apelante, aunque existieron posteriores negociaciones entre Colberg y la Centrale. El contrato era personal en cuanto a la notificación entre la Guánica y Trelles y la notificación a Trelles dentro del término renovó el contrato,

suponiendo siempre que Colberg compró con sujeción al contrato, cuestión que no fué promovida en el caso, limitándose el apelante a alegar que la opción no era obligatoria.

Sostiene el apelante que como de acuerdo con los términos del contrato la notificación no era obligatoria para Trelles, no era, por tanto, obligatoria para Colberg. La cláusula específica es como sigue:

"El presente contrato de compraventa de cañas podrá ser prorrogado a opción y voluntad de la sociedad compradora a cinco años más que contados desde el primero de julio de 1915 vencerá el 30 de junio de 1920, bastando para llevarse a efecto dicha prórroga que la Centrale dé aviso por simple carta al vendedor antes del 30 de junio de 1915, y desde ese momento la prórroga será obligatoria para ambas partes sin necesidad de otorgamiento de nuevo documento."

Esta es una forma muy corriente de contratos de arrendamientos y otras obligaciones como lo demuestra el apelado con copiosas citas de casos. La ley establece que la misma causa puede hacer que varios contratos sean obligatorios para la parte contraria a aquel de quién emana la causa.

La conclusión de que debe confirmarse esta sentencia está sostenida además, por el hecho declarado probado por la corte de que el apelante tuvo negociaciones con la corporación por espacio de un año después de la prórroga precisamente como si fuera mero continuador del colono Trelles.

La sentencia debe ser confirmada.

> *Confirmada la sentencia apelada, y la resolución de diciembre 21, 1919.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.